IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   07-cv-00626-WDM-KLM

MARCOS GARCIA FLORES,

    Applicant,

v.

MARK BROADDUS, Warden BVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kristen L. Mix (Docket No. 33), filed June 8, 2009, that Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 4) be denied. Petitioner did not file an objection to the recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified herein

The background facts relating to Petitioner's conviction are set forth in the recommendation. In short, Petitioner was convicted of first degree assault and sexual assault in connection with an assault of a woman in an alley after she left a bar. After his conviction, Petitioner appealed to the Colorado Court of Appeals, which upheld the conviction, and then filed a petition for certiorari with the Colorado Supreme Court. The petition for writ of certiorari was denied. Plaintiff has apparently filed two motions for relief pursuant to Colorado Rule of Criminal Procedure 35(c) but there is no indication that those

motions have been ruled on by the state district court.

Petitioner's Application, as originally filed, contained both exhausted and unexhausted claims. After this court ordered Petitioner to show cause why the Application should not be dismissed as a mixed petition, Petitioner moved to delete the unexhausted claims. Three claims remained: (1) the trial court erred in denying Petitioner's request for a change of venue; (2) Petitioner's statements to police should not have been admitted to trial because there was not a certified interpreter present and Petitioner's *Miranda* waiver was not knowing and intelligent; and (3) the trial court erred in not instructing the jury on lesser offenses. Magistrate Judge Mix, applying the correct standard for a habeas petition, concluded that the decision of the Colorado Court of Appeals with respect to the change of venue, voluntariness of Petitioner's *Miranda* waiver, and lesser offense instruction was not contrary to clearly established federal law and was not an unreasonable application of clearly established federal law. I agree with Magistrate Judge Mix's analysis of these issues and accept her recommendation in this regard.

One subpart of Petitioner's second claim was that statements he made to various law enforcement officers should not have been admitted at trial because the *Miranda* warnings and the translation of his interrogation were performed by bilingual officers, not by certified translators. He contends, without elaboration, that the officers distorted his statements and did not accurately translate. Magistrate Judge Mix concluded that this aspect of the claim was not exhausted because Petitioner did not raise it as an issue of federal law in his appeal to the state courts. Because the part of the claim is unexhausted, Magistrate Judge Mix did not address it on the merits.

I agree that this argument regarding the alleged error in introducing the evidence is

unexhausted. In Petitioner's opening brief to the Colorado Court of Appeals, Petitioner argued that "[t]he inaccurate translation of [Petitioner's] trial testimony denied [Petitioner his] right to due process and compulsory process as guaranteed by both the Federal and Colorado Constitutions." Opening Brief, Ex. A to Government's Answer (Docket No. 26-2). However, thereafter, Petitioner cited only Colorado case law and state ethics codes relating to courtroom interpreters, with no argument or explanation of how Petitioner's federal due process rights would have been violated by having his initial interrogation translated by bilingual law enforcement officers. Therefore, the state court had no opportunity to consider the federal issues in connection to this alleged error and the claim is unexhausted.

In these circumstances, a petition containing unexhausted claims should be stayed or dismissed without prejudice to give the applicant the opportunity to the pursue those claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner meeting AEDPA's one-year filing requirement, and "if there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter, but rather issue a stay and abeyance of the petition while the petitioner exhausts his state court remedies.) Here, however, exhaustion would be futile. Since the translation issue was already raised in Petitioner's direct appeal it cannot be asserted again through a Rule 35(c) motion. Colo. R. Crim. P. 35(c).

Defaulted claims may only be considered by this court if Petitioner can demonstrate cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not

shown any reason for the failure to raise this claim as a constitutional claim earlier than in this habeas petition.  Moreover, the record does not indicate that a fundamental miscarriage of justice would result from failure to consider the question on the merits.

The fundamental miscarriage of justice test requires showing that a constitutional error has probably resulted in the conviction of one who is actually innocent.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998).  Here, although Petitioner argued on appeal and in his Application for writ of habeas corpus that the translations by the law enforcement officers were problematic, he cites not one example of any statement offered in court that he claims was improperly translated.  Indeed, according to the appellate brief, at least one of these interviews was taped; had the translation been inaccurate, Petitioner could presumably have offered a more accurate translation to the trial or appellate court.  On this record, I discern no prejudice, much less a constitutional error.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kristen L. Mix (Docket No. 33), filed June 8, 2009, is accepted as modified.
2. Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 4) is denied.

DATED at Denver, Colorado, on February 16, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge